## Elkhorn & Jellico Coal Co. v. Sandlick Coal Co.

May 27, 1947.

Rehearing denied October 3, 1947.

R. Monroe Fields, Judge.

Astor Hogg for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The Elkhorn & Jellico Coal Company and the Sandlick Coal Company own jointly a railroad which extends about a mile up Sandlick Creek in Letcher County. It connects with a branch line of the Louisville & Nashville Railroad Company near the mouth of Sandlick Creek. The two corporations own coal lands and operate mines along this jointly owned railroad. A dispute arose between them over the construction of a contract dated June 25, 1942, and the Elkhorn & Jellico Coal Company brought this suit under the Declaratory Judgment Act, Civil Code of Practice, sec. 639a—1 et seq., seeking a construction of the contract. The railroad up Sandlick Creek was constructed by Eureka Elkhorn Coal Company and Kingdom Come Coal Company pursuant to a contract between them dated January 24, 1918. The former company was the predecessor in title of Elkhorn & Jellico Coal Company and Kingdom Come Coal Company was the predecessor in title of Sandlick Coal Company. The contract provided that either party might develop not to exceed 900 acres of land without compensating the other for shipments over the railroad, but that reasonable compensation for use of the railroad should be paid by the party developing more than 900 acres. On June 25, 1942, this contract was

modified by a contract entered into by the present owners of the railroad. The controversy centers around paragraphs 3, 4 and 5 of the 1942 contract. These paragraphs are as follows:

"(3) That each party hereto, its successors and assigns shall have the right to ship over said main line railroad any and all coal, timber, timber products or anything else the parties so desire.

"(4) That the provision in the contract dated January 24, 1918, between Eureka Elkhorn Coal Company and Kingdom Come Coal Company (the said Kingdom Come Coal Company, being the predecessor in title of Sandlick Coal Company) recorded in Deed Book 55, page 479, records of the Letcher County Court Clerk's office, is now modified, to meet the present needs and demands of the parties to the extent that each party may increase its acreage over 900 acres by purchase, lease or contract with adjacent or nearby property owners, without the payment of any compensation for such increase.

"(5) Should either party contract or desire to contract with a third party or parties, for the use of said railroad for the transportation of coal, timber or timber products, it may do so·provided, however, the charge of such transportation is not to be less than one cent per ton, the proceeds from which to be divided equally between the parties."

The plaintiff alleged in its petition that after the execution of the contract dated June 25, 1942, the defendant, Sandlick Coal Company, shipped over the jointly owned railroad approximately 650,000 tons of coal which was acquired by purchase from various truck mine operators who operated truck mines on land not owned or leased by the defendant and having no connection with the defendant's mine. It was plaintiff's theory that the purchases of coal by the defendant from various truck mine operators were contracts with third parties within the meaning of paragraph 5 of the contract, and that it was entitled to one-half cent a ton for all the coal so purchased and shipped by the defendant. The circuit court construed the contract as permitting the purchase and shipment by either party of products named in the

contract without compensation to the other. The plaintiff has appealed.

The 1942 contract materially modified the 1918 contract which limited to 900 acres the land to be developed by either party without compensation to the other for use of the jointly owned railroad. For shipment of products from developed acreage in excess of 900 acres reasonable compensation was to be paid to the joint owner. Paragraph 3 of the 1942 contract provided that the parties should have the right to ship over the jointly owned railroad "any and all coal, timber, timber products or anything else the parties so desire." This paragraph removed all restrictions in the 1918 contract on the character or amount of products shipped. Paragraph 4 is merely explanatory of paragraph 3. Paragraph 5 contains no limitation on the shipment of products owned by either party, but provides that third parties shall pay at least one cent a ton for transportation of coal, timber or timber products over the railroad, and the proceeds shall be divided equally between the parties to the 1942 contract. Appellee is not contracting with third parties for the transportation of their coal. It is purchasing the coal outright and shipping its own coal which it clearly has a right to do under the modified contract. We find no ambiguity in the contract. The parties plainly intended to remove all restrictions on the shipment of their own products however acquired or produced, and the circuit court correctly so adjudged.

Judgment is affirmed.